IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal Case No. 5:14-cr-00052 |
| v. ) | |
| ) | |
| CHRISTOPHER ROJUAN GILES, ) | By: Michael F. Urbanski |
| Defendant/Petitioner. ) | Chief United States District Judge |

**MEMORANDUM OPINION**

Christopher Rojuan Giles, a federal inmate proceeding pro se, has filed a motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255, challenging the April 2016 criminal judgment imposed by this court. Having reviewed the record, the court concludes that Giles's motion is barred by the statute of limitations and that Giles has not alleged facts sufficient to entitle him to equitable tolling. Therefore, the court will dismiss the motion as untimely.

I.

On June 18, 2015, Giles pled guilty to a one-count superseding information, which charged him with conspiring to commit the following offenses: (1) "to distribute and to possess with the intent to distribute a quantity of a mixture and substance containing a detectable amount of heroin," the use of which resulted in the death or serious bodily injury of six individuals; (2) "to distribute and to possess with the intent to distribute 1,000 grams or more of a mixture and substance containing a detectable amount of heroin"; (3) "to distribute and to possess with the intent to distribute 280 grams or more of a mixture and substance containing a detectable amount of cocaine base"; and (4) "to distribute and to possess with the intent to distribute a mixture and substance containing a detectable amount of cocaine."

Superseding Information, ECF No. 67, at 1–2; see also Plea Agreement, ECF No. 71, at 1–2. Giles appeared for sentencing on April 7, 2016. The court sentenced him to a term of imprisonment of 300 months, to be followed by a six-year term of supervised release. J., ECF No. 107, at 2–3. Giles did not appeal his conviction or sentence.

On May 17, 2021, Giles executed the pending motion under § 2255 and placed it in the prison mailing system. Mot., ECF No. 147, at 13; see also Houston v. Lack, 487 U.S. 266, 276 (1988) (holding that a motion by a pro se prisoner is considered filed when it is delivered to prison authorities for mailing to the court). In the motion, Giles claims that his attorney "failed to investigate the government's claim as to cause of overdose" and failed to "properly argu[e] the seriousness of defendant having access to discovery of government's evidence." Id. at 5–6. Giles also claims that his "guilty plea was not knowingly and intelligently made" in that he did not understand that the government had to prove that death or serious bodily injury resulted from the distribution of heroin, and that "the error to the conviction is a structural one which violates [his] due process rights under the Constitution." Id. at 7–9.

With regard to the timeliness of his motion, Giles claims that his attorney failed to inform him that he could file a § 2255 motion. Id. at 6–11; see also Resp. to Conditional Filing Order, ECF No. 150, at 3. Giles also asserts that he was in state custody from September 2016 to December 2017, that he was housed in the special housing unit at various federal facilities from 2018 through January 12, 2020, and that his current facility was on lockdown for over a year as a result of the COVID-19 pandemic. Resp. to Conditional Filing Order at 2–3.

## II.

A motion under 28 U.S.C. § 2255 must be brought within one year from the latest of the following: (1) the date on which the judgment of conviction became final; (2) the date on which some governmental impediment to making the motion was removed; (3) the date on which the legal predicate for the motion was initially recognized by the United States Supreme Court; or (4) the date on which the factual predicate for the motion could have been discovered through the exercise of due diligence. See 28 U.S.C. § 2255(f). For purposes of § 2255(f)(1), a defendant's judgment of conviction becomes final when the last appeal is decided or the time to file an appeal expires. See United States v. Diallo, 581 F. App'x 226, 227 (4th Cir. 2014) (citing Clay v. United States, 537 U.S. 522, 525 (2003)).

In this case, the judgment was entered on April 8, 2016, the date on which it was docketed by the Clerk. See ECF No. 107; see also Fed. R. App. P. 4(b)(6) ("A judgment or order is entered for purposes of this Rule 4(b) when it is entered on the criminal docket."). Giles's conviction became final on April 22, 2016, when his time to file an appeal expired. See Fed. R. App. 4(b)(1)(A) (giving a defendant 14 days to file a notice of appeal in a criminal case). Giles had until April 22, 2017, to timely file his § 2255 motion. However, he did not file his § 2255 motion until more than four years after the statute of limitations expired. Therefore, Giles's motion is untimely under § 2255(f)(1).

Giles does not present any grounds to show that his motion should be deemed timely under any of the other subsections of § 2255(f). Instead, Giles seems to suggest that the statute of limitations should be equitably tolled. Under existing precedent, "equitable tolling is appropriate in those 'rare instances where—due to circumstances external to the party's own

3

conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result.'" Whiteside v. United States, 775 F.3d 180, 184 (4th Cir. 2014) (en banc) (quoting Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc)). A litigant qualifies for equitable tolling only if he establishes "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (internal quotation marks and citation omitted). "Equitable tolling has long been considered an extraordinary remedy in [the Fourth Circuit], and litigants face a considerable burden to demonstrate that it applies." CVLR Performance Horses, Inc. v. Wynne, 792 F.3d 469, 476 (4th Cir. 2015) (citing Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)).

Giles makes several arguments in support of his position that his § 2255 motion should be deemed timely. First, Giles contends that his attorney failed to inform him that he could file a § 2255 motion. Even assuming this assertion is true, it does not entitle Giles to equitable tolling. As the Fourth Circuit has explained, "even in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling." United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004). Likewise, attorney error does not "warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel." Lawrence v. Florida, 549 U.S. 327, 336–37 (2007); see also Harris, 209 F.3d at 331 (holding that "a mistake by a party's counsel in interpreting a statute of limitations does not present the extraordinary circumstances beyond the party's control where equity should step in to give the party the benefit of his erroneous understanding").

4

Second, Giles argues that he was in state custody for over a year after his federal conviction and sentence became final. This argument also fails. Courts have "uniformly held" that petitioners in state custody "may nevertheless challenge [a] federal sentence and thus are subject to the § 2255 statute of limitations." Perry v. Warden Fort Dix FCI, 609 F. App'x 725, 727 (3d Cir. 2015) (citing Ospina v. United States, 386 F.3d 750, 752 (6th Cir. 2004) (collecting cases)). Moreover, Giles has not alleged, much less demonstrated, that any extraordinary circumstance occurred during his time in state custody that prevented him from filing his § 2255 motion in a timely manner.

Third and finally, Giles asserts that he was placed in the special housing unit at several federal facilities from 2018 to January 12, 2020, and that his current facility was on lockdown for over a year as a result of the COVID-19 pandemic. As indicated above, however, the one-year limitation period expired at least seven months before Giles was moved to more restrictive housing and several years before the pandemic substantially impacted this country. Consequently, neither circumstance provides a basis for equitable tolling in this case.

Because Giles has not demonstrated any ground for equitable tolling of the statute of limitations, the court will dismiss Giles's § 2255 motion as untimely filed.

An appropriate will be entered.

Entered: November 19, 2021

Michael F. Urbanski
Chief U.S. District Judge
2021.11.19 15:32:16 -05'00'

Michael F. Urbanski
Chief United States District Judge

5